UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WHEELER, | No. 2:15-cv-1629 DB P |
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's petition and motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1; 8.) For the reasons set for the below, this court will grant petitioner's request to proceed IFP, dismiss the petition, and provide petitioner an opportunity to amend the petition.

**BACKGROUND**

Petitioner initiated this action in 2015 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Therein, petitioner challenged his 2012 conviction and sentence rendered by the Amador County Superior Court. The previously assigned Magistrate Judge ordered petitioner to submit an affidavit in support of his request to proceed in forma pauperis. (ECF No. 7.) Petitioner timely filed a motion to proceed in forma pauperis in

////

1

response to that order. (ECF No. 8.) On August 2, 2016, the case was reassigned to the undersigned. (ECF No. 12.)

**APPLICATION TO PROCEED IFP**

Examination of the affidavit accompanying petitioner's motion to proceed IFP reveals he is unable to afford the costs of this action. Accordingly, leave to proceed IFP is granted. 28 U.S.C. § 1915(a).

**SCREENING**

**I.   Legal Standards**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled

to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**II.     Discussion**

Petitioner claims one ground for habeas relief in his petition. (ECF No. 1.) However, the ground stated is overly vague and does not state a cognizable claim. Habeas relief under 28 U.S.C. § 2254 is available only on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). Petitioner's ground for relief simply alludes to a bill that passed the California state senate without any explanation as to the contents of that bill and how it applies to petitioner's case. (ECF No. 1 at 5.) Petitioner claims that his plea of nolo contendere falls under the senate bill and so the lower courts erred in their rulings. Petitioner also attaches a number of documents from an unrelated case in Fresno Superior Court. (Id. at 16-42.) Without further elaboration, the undersigned cannot substantively assess whether petitioner's claim is cognizable. Until petitioner has filed a habeas petition in which he alleges at least one claim that is cognizable under 28 U.S.C. § 2254, this court will not proceed to ordering that the petition be served.

////

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's application to proceed IFP (ECF No. 8) is granted.
2. Petitioner's petition (ECF No. 1) is dismissed with leave to amend.
3. Within thirty days of the date of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall be titled "First Amended Petition." Petitioner is warned that the court cannot refer to his prior petition to make his First Amended Petition complete. Petitioner must include all claims for habeas corpus relief in his first amended petition.
4. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2254.
5. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated: May 22, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / whee.1629.scrn

4