# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIE WHEELER, | No. 2:15-cv-1629 MCE DB P |
|---|---|
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE LIZARRAGA, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.  PROCEDURAL HISTORY

On July 30, 2015, petitioner filed a petition for writ of habeas corpus. (ECF No. 1). Thereafter, the matter was reassigned to the undersigned on August 2, 2016. (ECF No. 12). The petition was screened, and on May 23, 2017, after finding that the petition was overly vague and did not state a cognizable claim (see ECF No. 14 at 3), petitioner was directed to file a first amended petition. (ECF No. 14). On June 15, 2017, petitioner filed an amended petition. (ECF No. 17). The court screens it herein.

////

////

II.    RELEVANT FACTS

In the first amended petition, petitioner states the following: On November 6, 2012, he was convicted of conspiracy to bring a controlled substance into prison in violation of California Penal Code §§ 182(a)(1) and 4573. (See generally ECF No. 17 at 1). As a result, he was sentenced to thirty-two months in prison, pursuant to California Penal Code §§ 1170.12(a)-(d) and 667(b)-(i). (See ECF No. 17 at 6).

On September 28, 2014, California's Fair Sentencing Act was approved by Governor Brown and filed with the Secretary of State. (See ECF No. 17 at 8). The Act, petitioner argues, prohibits a grant of probation or the suspension of sentence of someone who was convicted of either possessing for sale or of selling a substance containing 28.5 grams of a controlled substance. (See ECF No. 17 at 8). However, because petitioner was convicted of violating Section 4573 with only 24.09 grams of heroin – which is less than the Act's new 28.5-gram level cap – he contends that he is eligible for either a grant of probation or for a suspension of his sentence. (See ECF No. 17 at 8).

III.    LEGAL STANDARDS

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors of state law. 28 U.S.C. § 2254(a); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions. Estelle v. McGuire, 502 U.S. 62, 68 (1991). Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

III. <u>DISCUSSION</u>

Petitioner contends that under California's Fair Sentencing Act, his sentence is unconstitutional, and that as a result, he should be resentenced. (ECF No. 17 at 6-8). It appears that he has appealed his sentence, that he has made these arguments in the state appellate courts, and that all of his state appeals have been denied. (<u>See</u> <u>generally</u> ECF No. 17 at 2) (petitioner's state appellate history). Although petitioner uses the word "unconstitutional" in the instant petition, the use of that word alone does not transport his claim, which solely questions the propriety of the application of state law, into the realm of claims properly subject to federal habeas review. <u>See, e.g.</u>, <u>Hill v. Lizzaraga</u>, No. 15-cv-6132 BRO AJW, 2015 WL 8923107, at *2 (C.D. Cal. Nov. 2, 2015) (addressing petitioner's claims related to state application of California's Fair Sentencing Act and finding state sentencing issues generally not cognizable in federal habeas action). Furthermore, petitioner has not shown that the state court misapplied its own sentencing laws and that any application of the law was fundamentally unfair. <u>See</u> <u>generally</u> <u>Christian</u>, 42 F.3d at 469.

In sum, the petition is not properly before this court, and it fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). When it is clear that a petition lacks merit, the court may dismiss it. <u>See</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990), <u>cert. denied</u>, 48 U.S. 1096 (1991) (stating Rule 4 of Rules Governing Section 2254 explicitly allows district court to summarily dismiss petition on merits when no claim for relief stated) (citation omitted).

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455

(9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c)(2).

Dated: December 3, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/whee1629.scrn.fap.f&r

4